UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCESS SPECTRUM, LLC and
ACCESS 220, LLC,

    Plaintiffs,

v.

EDWARD WHARTON, JANET GEISMAR,
CATHRYN SHIVER, BRIAN P. SHIVER,
DOUGLAS J. SHIVER, CHRISTOPHER R.
SHIVER, INDUSTRIAL COMMUNICATIONS
& ELECTRONICS, INC., AND
AERWAV HOLDINGS, INC.,

    Defendants.



Case No.

**COMPLAINT FOR INTERPLEADER**



JUN 2 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, Access Spectrum, LLC ("Access Spectrum") and Access 220, LLC ("Access 220," and together with Access Spectrum, "Plaintiffs"), by and through their undersigned counsel, state as follows for their complaint against defendants Edward Wharton ("Wharton"), Janet Geismar ("Geismar"), Cathryn Shiver ("Shiver"), Brian P. Shiver, Douglas J. Shiver, Christopher R. Shiver, Industrial Communications & Electronics, Inc. ("ICE"), and aerwav Holdings, Inc. ("aerwav Holdings") (collectively, the "Defendants"):

## NATURE OF THE ACTION AND RELEVANT BACKGROUND

1.    By this Complaint for Interpleader, Plaintiffs seek (a) the Court's determination of competing claims to the remaining balance due under a promissory note in the original principal sum of $4,478,824 executed and delivered by Access 220, as maker, to defendant aerwav Holdings, as payee; (b) the Court's determination that by and upon depositing the Note Proceeds (defined below) with the registry of the Court Plaintiffs have satisfied any and all obligations under and in respect of the Note, and are

discharged and released from all liability related thereto; (c) an award of Plaintiffs' attorneys' fees and costs in bringing this action; and (d) to enjoin all suits, actions and proceedings concerning any Defendant's claims to the Note and/or the Note Proceeds. Shortly after filing this Complaint, Access 220 will deposit the sum of Three Million Four Hundred Seventy Eight Thousand Eight Hundred and Twenty Four Dollars and No Cents ($3,478,824.00), which represents the entire balance remaining due under the Note ("Note Proceeds"), with the Clerk of the Court in accordance 28 U.S.C. § 1335.

2. Each of the Defendants has asserted competing claims and priority rights to all or a portion of the Note Proceeds. In the aggregate, the Defendants' claims exceed the amount of the Note Proceeds. Each of the Defendants' claims is discussed in greater detail below.

3. The Note was issued as part of the purchase price for Plaintiff's acquisition of certain spectrum band licenses and other assets ("Licenses") from aerwav Holdings (then known as aerwav, Inc.) and a related entity, aerwav Spectrum Holdings, Inc. The Note was executed on August 27, 2002 in the original principal amount of $4,478,824.

4. The terms of the Note were thereafter modified by amendments dated January 15, 2004 and October 26, 2005 (the "Amendments").

5. Pursuant to the Note, the original maturity date ("Maturity Date") was "the earlier to occur of (i) August 27, 2005 ("Fixed Maturity Date") and (ii) the date of consummation of a Change in Control," which is defined to include a "sale, transfer or assignment by Maker of any of its subsidiaries of substantially all of the consolidated

2

assets of Maker and its subsidiaries to a person that is not [Access Spectrum LLC], any of its members or any of their respective Affiliates."

6. Pursuant to the Amendments, the Fixed Maturity Date was subsequently extended to February 27, 2012.

7. Plaintiffs have recently consummated a transaction pursuant to which the Licenses have been conveyed to a third party and are willing to concede for purposes of this proceeding that the Note has matured.

8. Interpleader is appropriate and necessary because the Note Proceeds are not sufficient to satisfy all of the Defendants' competing claims and assertions of priority. Accordingly, unless the competing claims and priority rights to the Note Proceeds are sorted out through the interpleader process, Plaintiffs face the risk of conflicting judicial decisions and double or multiple liability.

## PARTIES JURISDICTION AND VENUE

### The Plaintiffs

9. Plaintiff Access Spectrum and Plaintiff Access 220 are Delaware limited liability companies. The Note Proceeds, which are the subject of this action, are located in Maryland.

### The Claimant-Defendants

10. Upon information and belief, Defendant Edward Wharton is a citizen of Florida, who resides in Davie, Florida.

11. Upon information and belief, Defendant Janet Geismar is a citizen of North Carolina, who resides in Greensboro, North Carolina.

12. Upon information and belief, Defendant ICE is a Massachusetts corporation with its principal place of business in Marshfield, Massachusetts.

13. Upon information and belief, Defendant Cathryn Shriver is a citizen of New Jersey, who resides in Morristown, New Jersey.

14. Upon information and belief defendants Brian P. Shiver, Douglas J. Shiver and Christopher R. Shiver, the adult and minor children of Cathryn and Robert Shiver are citizens of New Jersey, who reside in Morristown, New Jersey.

15. Upon information and belief, aerwav Holdings is a Delaware corporation, with no active ongoing business operations. According to records of the Delaware Office of the Secretary of State, the status of Defendant aerwav Holdings is listed as "inactive." The last known business address of aerwav Holdings was 915 Broadway, 18th floor, New York, New York.

16. This Court has subject matter jurisdiction to grant relief in interpleader pursuant to 28 U.S.C. § 1335. The Note Proceeds at issue exceed $500 in value. There are two adverse claimants of diverse citizenship. Plaintiffs bring this action of interpleader, and upon the Court's determination that they have satisfied all their obligations under the Note and are discharged from all liability thereunder, do not assert any interest in the Note Proceeds.

17. Pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391, venue is properly placed in the Southern District of New York because one or more of the defendants resides in this District.

## DEFENDANTS' CLAIMS ASSERTED AGAINST NOTE PROCEEDS

**Defendants Wharton and Geismar**

18. On information and belief, Defendants Wharton and Geismar hold a judgment in the amount of $3,336,630.53 against Robert Shiver, the president and principal shareholder of Defendant aerwav Holdings.

19. On or about January 1, 2007, Defendants Wharton and Geismar instituted a garnishment proceeding against Mr. Shiver, as judgment debtor, in the Circuit Court of Montgomery County, Maryland, Case No. 276929-V ("Maryland Garnishment Proceeding").

20. On February 6, 2007, Defendants Wharton & Geismar served a Writ of Garnishment upon the Plaintiffs in the Maryland Garnishment Proceeding, which directed Plaintiffs to hold any property of Mr. Shiver and of any company in which he has an ownership interest, including but not limited to aerwav Holdings.

21. On March 8, 2007, Plaintiffs answered the Writ of Garnishment, noting in part that Mr. Shiver, the judgment debtor, was neither the payee nor the holder of the Note and that Defendants Wharton and Geismar do not hold a judgment against the payee and holder, aerwav Holdings.

22. On May 10, 2007, Mr. Shiver filed for personal bankruptcy in the United States Bankruptcy Court for the Southern District of New York. As a result, the Maryland Garnishment Proceeding is currently stayed.

23. On information and belief, Defendants Wharton and Geismar assert priority claims to the Note and/or the Note Proceeds.

NYC:178592.1

**Defendant ICE**

24.     On information and belief, Defendant ICE holds a judgment against aerwav Holdings and others in the amount of $130,502.60.

25.     On information and belief, on or about November 15, 2006, ICE filed a Motion to Obtain Equitable Relief to Reach and Apply Property of the Defendant Aerwav Holdings, Inc. in the Superior Court for the Commonwealth of Massachusetts ("Massachusetts Superior Court"), Civil Action No. 2006-00375-B. The purpose of this motion was to attach any payments made by Access to aerwav Holdings under the Note and apply them to satisfy ICE's judgment.

26.     On information and belief, on or about January 18, 2007, the Massachusetts Superior Court entered an Order on Plaintiff's Motion to Reach and Apply Pursuant to G.L. c. 233 § 86A, pursuant to which that court decreed that ICE "shall have the immediate right and remedy to reach and apply the right, title and interest of the Defendant Aerwav [sic] Holdings, Inc. . . . , as holder, in and to a certain Senior Promissory Note from Access 220, LLC . . . " The Order further provided that all amounts due and payable to aerwav Holdings must first be paid to ICE to satisfy its judgment, plus interest and costs.

27.     On information and belief, ICE asserts a priority claim to the Note and/or the Note Proceedings.

**Defendants Cathryn Shiver, Brian P. Shiver, Douglas J. Shiver, and Christopher R. Shiver**

28.     On information and belief, Defendant Cathryn Shiver is Robert Shiver's former wife.

6

29. On information and belief, Mr. and Mrs. Shiver were divorced pursuant to a Final Judgment of Divorce entered in the Superior Court of New Jersey, Chancery Division – Family Part Morris County ("New Jersey Divorce Court"), Docket No. FM-14-1305-04, dated February 22, 2006.

30. On or about April 10, 2006, the New Jersey Divorce Court entered a Supplemental Final Judgment of Divorce annexing a Property Settlement Agreement ("PSA") between Cathryn Shiver and Mr. Shiver.

31. On information and belief, Defendant Cathryn Shiver asserts that she holds a priority interest in the Note and/or the Note Proceeds based on the proceedings in the New Jersey Divorce Court.

32. On information and belief, defendants Brian P. Shiver, Douglas J. Shiver and Christopher R. Shiver, the children of Cathryn and Robert Shiver, assert that they hold a property interest in the Note and/or the Note Proceeds.[1]

**Defendant aerwav Holdings**

33. Defendant aerwav Holdings is the payee of the Note. As such, aerwav Holdings is the party to whom the Note Proceeds would otherwise be paid unless the Court determines that the interests of the other Defendants, or other third parties, are superior to those of aerwav Holdings.

---

[1] The PSA references a trust to be formed by Mr. Shiver to receive proceeds of the Note after, *inter alia*, satisfaction of aerwav Holding's liens and liabilities. Mr. Shiver filed for chapter 7 bankruptcy on May 10, 2007. His amended bankruptcy schedules and statement of affairs do not disclose the existence of a trust.

## COUNT 1: INTERPLEADER

34. Plaintiffs repeat and incorporate paragraphs 1 through 33 as if fully set forth herein.

35. The Defendants have made competing demands to the Note Proceeds, which in the aggregate exceed the amount of the Note Proceeds. As a result of these multiple claims, Plaintiffs are in doubt as to whom it should pay the Note Proceeds upon maturity of the Note.

36. By depositing the Note Proceeds into the registry of the Court and seeking discharge from further liability through the interpleader mechanism, Plaintiffs are not taking a position as to which of the claimants are entitled to the Note Proceeds or in what order of priority. Plaintiffs seek interpleader solely to enable them to satisfy their contractual obligations under the Note, the performance of which has been complicated by the multiplicity of claims to the Note Proceeds.

37. The competing and conflicting claims by the Defendants to the Note Proceeds have resulted in Plaintiffs being exposed to competing and inconsistent demands with respect to payment of the balance due under the Note.

38. Plaintiffs therefore request that the Defendants be required to interplead and resolve among themselves their rights, if any, to the Note Proceeds and that Plaintiffs be discharged from all liability arising out or relating to the Note and the Note Proceeds. Plaintiffs further request that the Defendants be restrained from continuing or instituting any action or proceeding against Plaintiffs for recovery of the Note Proceeds and that the Maryland Garnishment Proceeding be stayed in order to avoid the risk of conflicting judgments.

    e.  Award Plaintiffs' their attorneys' fees and costs incurred in bringing this action, as appropriate;

    f.  Award such other and further relief as this Court may deem proper.

Dated: New York, New York
   June 26, 2008

              ANDREWS KURTH LLP

              */s/ Lynn E. Judell*
              Lynn E. Judell (LJ 210)
              ANDREWS KURTH LLP
              450 Lexington Avenue
              New York, NY 10017
              (212) 850-2800

              Valerie P. Morrison
              Dylan G. Trache
              WILEY REIN LLP
              7925 Jones Branch Drive, Suite 6200
              McLean, Virginia 22102
              (703) 905-2800

              *Attorneys for Plaintiffs Access Spectrum,*
              *LLC and Access 220, LLC*