**ANDREWS**
ATTORNEYS
**KURTH** LLP

450 Lexington Avenue
New York, NY 10017
212 850 2800 Phone
212 850 2929 Fax
andrewskurth.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 8 2008

August 21, 2008

Lynn E. Judell
212.850.2984
lynn.judell@andrewskurth.com

VIA FAX

The Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 735
New York, New York 10007

> August 28, 2008
>
> The Court will hold a conference on this matter on September 24, 2008 at 4:30 p.m. in Courtroom 20-C.
>
> So ordered
> Paul Crotty
> USDJ

Re: Access Spectrum, LLC, et al. v. Wharton, et al.
Civil Action No. 08-cv-5755 (PAC)

Dear Judge Crotty:

We represent Plaintiffs Access Spectrum, LLC ("Access Spectrum") and Access 220, LLC ("Access 220" and together with Access Spectrum, the "Plaintiffs") in the above-referenced action. We respectfully request, pursuant to Rule 3D of your Individual Practices, a pre-motion conference in connection with a motion the Plaintiffs propose to file for Injunction, Discharge and Attorneys' Fees (the "Motion").

Plaintiffs' Allegations

Access 220 is the maker of a promissory note, as amended, dated August 27, 2002, in the original principal sum of $4,478,824 ("Note") made payable to defendant aerwav Holdings, Inc. ("Aerwav"). Access Spectrum is the parent company of Access 220. The outstanding balance due under the Note is $3,478,824 ("Note Proceeds"). Plaintiffs are mere stakeholders with respect to the Note Proceeds, and disclaim any interest in the funds. However, numerous parties currently assert competing claims to the Note Proceeds, which in the aggregate exceed the amount of the Note Proceeds. Accordingly, Plaintiffs have deposited the full amount of the Note Proceeds into the Court's registry and instituted the above-captioned interpleader action in order to resolve these competing claims.[1]

The specific claimants, as well as the basis for their asserted claims, are as follows:

---

[1] Plaintiffs filed the original Complaint (docket entry no. 1) commencing this action on June 26, 2008. On August 13, 2008, Plaintiffs filed their Amended Complaint (docket entry no. 13).

Hon. Paul A. Crotty
August 21, 2008
Page 2

- Defendants Wharton and Geismar have instituted an action in the Circuit Court for Montgomery County, Maryland to garnish the Note Proceeds in satisfaction of a judgment in the amount of $3,336,630.53.
- Defendant Industrial Communications and Electronics, Inc. ("ICE") holds a judgment against Aerwav and has obtained an Order from the Superior Court for the Commonwealth of Massachusetts directing that the Note Proceeds first be paid to ICE in satisfaction of its judgment in the amount of $130,502.60.
- Defendant Aerwav is the payee under the Note, and in the absence of superior claims, would otherwise be entitled to receive the Note Proceeds.
- Defendant Cathryn Shiver asserts that she and her children hold a priority interest in the Note and/or the Note Proceeds based on a property settlement award in divorce proceedings in the Superior Court of New Jersey, Chancery Division – Family Part Morris County ("New Jersey Divorce Court Proceeding.")
- Richard E. O'Connell ("Trustee") is the chapter 7 trustee for the estate of Robert Shiver, whose bankruptcy is pending in the United States Bankruptcy Court for the Southern District of New York, Bankruptcy Case Number 07-11501-MG. The Trustee has represented that he is in possession of the original Note pursuant to a Stipulation and Consent Order entered in the New Jersey Divorce Court Proceeding. The Trustee asserts an interest in the Note and/or the Note Proceeds based upon Robert Shiver's interest as the controlling shareholder of Aerwav.

Because the Note Proceeds are insufficient to satisfy all of the aforementioned competing claims, Plaintiffs face the risk of conflicting judicial decisions and double or multiple liability unless these claims are resolved through the interpleader process. The risk of multiple liability directed against a single fund is the very purpose behind an interpleader action. *See, e.g., Fidelity Brokerage Serv. v. Bank of China, et al.*, 192 F.Supp. 173, 177 (S.D.N.Y. 2002).

Basis for the Motion for Injunction, Discharge and Attorneys' Fees

Pursuant to the anticipated Motion, Plaintiffs intend to ask the Court to restrain the Defendants from instituting or continuing any action or proceeding against the Plaintiffs for recovery of the Note or the Note Proceeds. As the Plaintiffs have deposited the full amount of the Note Proceeds with the Court, they will also

Hon. Paul A. Crotty
August 21, 2008
Page 3

request an order discharging and releasing them from further liability with respect to the Note and the Note Proceeds. The federal statutes governing interpleader specifically provide for this relief. See 28 U.S.C. §§ 1335 and 2361. In addition, Plaintiffs, as innocent stakeholders that have disclaimed any interest in the *res*, will seek recovery of their reasonable attorneys' fees and costs. See, e.g., *Fidelity Brokerage Serv. v. Bank of China, et al*, 192 F.Supp. at 183 (finding that attorneys' fees and costs may be awarded to innocent stakeholders in interpleader actions).

All adverse claimants have been served with copies of the Amended Complaint, and the matters to be raised in the Motion will be properly before the Court. Accordingly, Plaintiffs respectfully request a pre-motion conference on this matter. Thank you in advance for your consideration.

Sincerely,

*Lynn E. Judell*
Lynn E. Judell
Local Counsel for Plaintiffs

*Valerie P. Morrison /yj*
Valerie P. Morrison
Counsel for Plaintiffs

cc:  Jeffrey T. Angley, Esquire (via email)
     David J. Butler, Esquire (via email)
     Elizabeth Jaffe, Esquire (via email)
     Robert J. Shiver (via regular mail)
     Janet Geismar (via regular mail)
     Edward Wharton (via regular mail)