USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 0 2 2008

**DONALD PEARCE**
*Attorney at Law*

1500 Broadway, 21st Floor
New York, NY 10036

(212) 221-8733

August 29, 2008

BY FAX (212) 805-6304
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Room 735
New York, New York 10007

*The Conference previously scheduled for September 24, 2008 at 4:30pm in Courtroom 20c will go forward, as scheduled. The defendants time to answer will be extended to September 26, 2008. So ordered.*

*Paul Crotty*
*USDJ*
*SEP 0 2 2008*

Re: Access Spectrum, LLC, et al. v. Edward Wharton, et al.
Civil Action No. 08-cv-5755 (PAC)

**MEMO ENDORSED**

Dear Judge Crotty:

This is in response to Lynn Judell's August 28, 2008 letter which responded to my August 25, 2008 letter to you and to Michael Devorkin's August 26, 2008 letter to you.

Plaintiffs' local counsel contends that both my and Mr. Devorkin's desire to explore defenses and counterclaims against plaintiffs are vague. Plaintiffs argue that therefore there is no basis to deny or delay a pre-motion conference. By my letter to the Court, I specified in some detail the events that appear to point to the participation of at least one of the plaintiffs in a fraudulent conveyance with Robert Shiver, who himself has already been adjudged by a Florida court to have committed fraud. Plaintiffs may assert that the facts set out in my letter to you are vague, but they are not.

More significantly, and contrary to plaintiffs' assertion, the existence of genuine issues that appear to preclude the discharge and attorney's fees relief that plaintiffs would seek by the motion makes the suggested discharge motion premature. That is so especially where no answers have yet been filed and no discovery has yet been taken. Because the suggested motion is premature, so is a pre-motion conference.

On August 22, 2008, when I asked plaintiffs' local counsel for additional time to answer the complaint, explaining that I had not yet been formally retained and also needed time to explore the issues, Ms. Judell told me that Mr. Wharton and Ms. Geismar could have until

Donald Pearce page 2

September 8, 2008 to answer.

    I pointed out that that was no extension at all because that was already the date when their answer was due. She told me that that was all the time she could permit for an answer and that she would ask the lead counsel to ask the plaintiffs whether an additional week to answer, to September 15, 2008, could be granted. That was the last I heard from Ms. Judell or anyone else about that request for an extension of time until August 27, 2008, when she telephoned me to say that plaintiffs would extend the answer date to September 17, 2008. That telephone call from Ms Judell came two days after I had sent my August 25, 2008 letter asking you to grant the extension that plaintiffs had not granted, and presumably was impelled by my request made directly to you. Ms. Judell may argue that when she would not grant the requested extension that that was not a refusal, but absent invoking distinctions that do not in reality exist, it cannot be fairly characterized as anything else.[1]

    When I asked local counsel about plaintiffs' reason for rushing forward on this matter without affording the usual courtesy to a lawyer who had just been contacted by one of the two clients and asked to represent both of them, I was told that plaintiffs wanted to keep attorney's fees low. How not extending the time to answer would have increased plaintiffs' attorney's fees was not explained despite my inquiry.

    Therefore, for these reasons and those in my August 25, 2008 letter to you, I reiterate the requests that plaintiff's request for a pre-motion conference be denied and that Mr. Wharton's and Ms. Geismar's time to answer or otherwise respond to the complaint be extended until September 26, 2008.

Very truly yours,

Donald Pearce

cc: Lynn E. Judell, Esq. (via e-mail)
    Elizabeth A. Jaffe, Esq. (via e-mail)
    Jeffrey T. Angley, Esq. (via e-mail)
    David J. Butler, Esq. (via e-mail)
    Aerwav Holdings, Inc. c/o Robert Shiver's bankruptcy counsel John Di'Iorio (via e-mail)

---

[1] Plaintiffs' local counsel suggests that because Mr. Wharton and Ms. Geismar have had the additional time that service by mail affords them, they should have no more. What she does not convey is that Mr. Wharton and Ms. Geismar agreed to accept service by mail as a courtesy to plaintiffs and to minimize unnecessary effort and cost, and that is why they had more time to answer than they would have otherwise had.